By the Court.—O’Gorman, J.
—The plaintiff claims in his complaint to have been expelled by the defendant and the other officers of the New York Stock Exchange, and deprived of his valuable rights as a member, without any violation, on his part, of the rules of that association. The defendant answers that the New York Stock Exchange is a voluntary unincorporated association having a constitution and by-laws for the government of its members ; that the plaintiff on becoming a member pledged' himself to abide by, and agreed in the said constitution; and that it is provided by Article XX. of said-constitution, that any member guilty of “obvious fraud,” of which the Governing Committee shall be judge, shall, on conviction, be expelled, and his membership shall escheat to the Stock Exchange Association.
The defendant, as president of the Stock Exchange Association, resists this motion for a bill of particulars of the specific offenses charged against the plaintiff, as constituting “ obvious fraud,” not because of any merely technical ob-1 jection to that particular remedy, but because the subject' of the inquiry is immaterial and irrelevant to the issue made on the pleadings, which is only, whether or not the plaintiff has been regularly expelled from the association in accordance with its constitution, and defendant claims, that *140 if the plaintiff were so expelled, the decision of the ‘ ‘ Governing Committee” thereon is res adjudícala, which plaintiff is precluded from going behind, unless the adjudication be first set aside in some proper manner. In support of this proposition, the learned counsel of the defendant cites, with other cases, White v. Brownell (3 Abb. Pr. N. S. 318; S. C., 4 Id. 194).
The defendant’s objection goes to the foundation and essence of this action, and involves important questions as to the powers of such voluntary associations over the rights of the associates and their pecuniary interests in the property of the association, which should more properly be discussed and determined when the case comes up for trial, than on an appeal from an order.
It is enough for the present to say that on the pleadings, as they now stand, and on the facts which they disclose, the issue is as claimed by the defendant; that the order appealed from was within the discretion of the learned judge at special term to grant or to deny, and that we believe that his discretion, in this instance, was properly exercised ; and that this is not a case in which a bill of particulars should be ordered.
The order appealed from is affirmed, with $10 costs.
Ingraham, J., concurred.